IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 01-CR-0028-001-TCK |
| v. | ) | |
| | ) | USM Number: 06815-062 |
| LANCE LAMAR BURKS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the motion of defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 750 (Doc. 53). Defendant previously moved for reduction of sentence pursuant to Amendment 750 (Doc. 51). The Court dismissed the motion for lack of jurisdiction, because, although Amendment 750 reduced the § 2D1.1 base offense level, that level was trumped by the career offender enhancement, resulting in no reduction in the total offense level. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. The Court found that because defendant's sentence was not based on a sentencing range that had subsequently been lowered by the Sentencing Commission, it was, pursuant to United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996), without jurisdiction to consider a reduction of sentence under § 3582(c). See Doc. 52, p. 2.

Defendant moves for reduction of sentence again under Amendment 750, arguing that Freeman v. United States, 131 S.Ct. 2685 (2011) and statutory penalty reductions brought about by

the Fair Sentencing Act of 2010 (FSA), 124 Stat. 2372 (2010), open the door for the Court to reconsider a reduction of sentence under § 3582(c) and Amendment 750.

At the original sentencing, the Court imposed a sentence of 240 months' imprisonment following defendant's plea of guilty to a single count information charging possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The sentence was imposed pursuant to a Fed. R. Crim. P. 11(e)(1)(C) (recodified as Rule 11(c)(1)(C), effective January 20, 2003) binding agreement for a specific sentence, and based on application of USSG §§ 2D1.1 and 4B1.1, which provided for a total offense level 32 and a sentencing range of 210 to 262 months.

Defendant was convicted of possession of cocaine base with intent to distribute, an offense found in USSG § 2D1.1. The original guideline calculation resulted in a base offense level 26 with a two-level increase for possession of a firearm, for an adjusted offense level of 28. Application of Amendment 750 would alter the base offense level in § 2D1.1(c) based on calculation of the multiple drug equivalency procedures outlined in § 2D1.1, comment. (n.10(D)). Specifically, defendant possessed with intent to distribute 9.58 grams of crack cocaine and 1.8 kilograms of marijuana. Amendment 750 changes the crack cocaine conversion to 34.2 kilograms of marijuana equivalent and, with the addition of 1.8 kilograms of marijuana, the total equivalency marijuana weight is 36 kilograms. According to the Amendment 750-revised drug table found at § 2D1.1(c), 36 kilograms of marijuana equivalent calls for a base offense level 18. A two-level increase for possession of a firearm provides for an adjusted offense level 20. However, the Court found, consistent with defendant's plea agreement, that he was a § 4B1.1 career offender, which increased the adjusted offense level to level 34 (PSR, ¶¶ 24, 25). A two-point reduction for acceptance of

responsibility resulted in a total offense level 32. According to § 4B1.1(b), if the offense level for a career offender is greater than the offense level otherwise applicable, the career offender offense level shall determine the guideline range.

Amendment 750 revises § 2D1.1(c) and does reduce the base offense level for the offense of conviction, but the total offense level remains at level 32 because the career offender guideline trumps the calculated adjusted offense level. Although Amendment 750 is applicable and reduces the base offense level under § 2D1.1(c), Chapter Four guidelines provide for the same offense level as applied originally. Defendant is mistaken that the Supreme Court's decision in Freeman will alter this outcome. Freeman held that an 11(c)(1)(C) agreement does not automatically render a defendant ineligible for a § 3582(c) reduction. The Court concluded that if the district court expressly used a guideline sentencing range applicable to the charged offense to establish the range of imprisonment, and that range was subsequently lowered by the Sentencing Commission, the prison term is "based on" the range employed and the defendant may be eligible for sentence reduction under § 3582(c). Id. at 2689. In imposing sentence, the Court accepted the 11(c)(1)(C) plea agreement, which recommended a 240-month imprisonment term based on a total offense level 32 and a criminal history category VI, for an ensuing custody range of 210 to 262 months. See PSR, ¶ 8; see also Statement of Reasons, p. 5. Amendment 750 does not, by virtue of the § 4B1.1 career offender enhancement, change the 11(c)(1)(C) calculated sentencing range or the agreed upon sentence that fell within that range. To clarify, the Court's finding that it lacked jurisdiction to reduce sentence (Doc. 52, p. 2), was based on Trujeque, which held that a district court does not have jurisdiction under § 3582 when the retroactive amendment does not result in a reduced range, not on the fact the sentence was imposed pursuant to an 11(c)(1)(C) binding plea agreement.

3

Further, passage of the FSA, which took effect on August 3, 2010, does not reduce defendant's statutory exposure or guideline calculation because the Act is not retroactive for defendants who were sentenced before the Act's effective date. See United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010). The Supreme Court's decisions in Dorsey v. United States, 132 S.Ct. 2321 (2012), which stands for the narrow proposition that the lower mandatory minimum provisions of the FSA apply to defendants who committed their offense before the effective date but were sentenced after the FSA took effect, is likewise of no assistance in this matter.

A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. See USSG §1B1.10(a)(2)(B). As the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See Trujeque, 100 F.3d at 871.

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence pursuant to § 3582(c) (Doc. 53) is **dismissed for lack of jurisdiction**.

DATED this 5th day of September, 2012.

**TERENCE KERN**
**United States District Judge**