IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 01-CR-0028-001-TCK |
| v. | ) | |
| | ) | USM Number: 06815-062 |
| LANCE LAMAR BURKS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant's Motion for Writ of Error Coram Nobis (Doc. 61), wherein Defendant moves to vacate his conviction or reduce his sentence based upon "an intervening change in the law that establishes Petitioner's prior drug possession convictions . . . [do] not qualify as predicate offenses for career offender enhancement . . . ." (Mot. for Writ 1.) Defendant's motion is made pursuant to 28 U.S.C. § 1651.

The issuance of writs of error coram nobis is authorized by 28 U.S.C. 1651(a), which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, common law writs, such as the writ of error coram nobis, are an extraordinary remedy and allowed under compelling circumstances only. *United States v. Morgan*, 346 U.S. 502, 511 (1954) ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice."). As an extraordinary remedy, relief under the All Writs Act is available only when 28 U.S.C. § 2255 motions or other forms of relief are not available. *Ward v. United States*, 381 F.2d 14, 15 (10th Cir. 1967); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir.1999) ("The exclusive remedy

for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). "The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable -- generally when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996).

In this case, Defendant never filed a 28 U.S.C. § 2255 motion. Defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on Amendment 706 to the United States Sentencing Guidelines (Doc. 36), which the Court denied on the merits (Doc. 37). The Tenth Circuit held the motion should have been dismissed for lack of jurisdiction. (Doc. 47.) Defendant filed two other motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on Amendment 750 to the United States Sentencing Guidelines (Docs. 51, 53), both of which the Court dismissed for lack of jurisdiction (Docs. 52, 55). These Orders were not appealed.

In the instant motion, which is made pursuant to the All Writs Act, Defendant argues that he should not have been classified as a career offender. However, for reasons explained above, 28 U.S.C. § 2255, and not the All Writs Act, is the only method of raising this issue. Further, although the statute of limitations has expired for Defendant filing a § 2255 motion, this or any other procedural roadblocks to Defendant filing a § 2255 motion at this time does not render § 2255 relief "unavailable" for purposes of the All Writs Act. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) ("A petitioner may not resort to coram nobis merely because he has failed to meet the AEDPA's gatekeeping requirements. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the

limitations and successive petitions provisions."). Defendant has not presented the type of "extraordinary circumstances" necessary to invoke the All Writs Act.

Defendant's Motion for Writ of Error Coram Nobis (Doc. 61) is DENIED. Any amendment to such motion would be futile, and Defendant's motions to amend (Docs. 62, 63) are DENIED. Other pending motions requesting a ruling on the motion (Docs. 64, 67) are DENIED as moot.

DATED this 6th day of October, 2015.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE